# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES HORN,**

           **Plaintiff,**

**-vs-**                                                    **Case No. 6:07-cv-190-Orl-28KRS**

**JOHN HARKNESS, EXECUTIVE**
**DIRECTOR OF THE FLORIDA BAR, IN**
**HIS OFFICIAL CAPACITY,**

           **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 2)**
>
> **FILED: February 7, 2007**

On February 7, 2007, Plaintiff Charles Horn filed a five-count complaint against John Harkness in his official capacity as executive director of the Florida Bar. Doc. No. 1. Horn also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Horn's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07;

*Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, a determination has to be made as to whether this Court has subject matter jurisdiction. "Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotations and citations omitted).

## I.   STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See*

*Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

## II.     ANALYSIS.

### A.     *Allegations of the Complaint.*

Horn, an attorney previously licensed in the state of Florida, alleges that the Florida Bar initiated disciplinary proceedings against him in the Florida state courts. Doc. No. 1 ¶ 13. It appears that his case was heard by a referee, who held a hearing on October 19, 2006. Doc. No. 1-2 at 1. The Florida Bar attempted to serve Horn at his address of record with notice of the hearing; however, all documents were returned to the Bar as undeliverable. Doc. No. 1-2 at 1. Because the Florida Bar requires its members to keep an updated address with the Bar, a default was entered against Horn, and the hearing only considered what disciplinary action would be taken against Horn. Doc. No. 1-2 at 1-2. The referee recommended that Horn be immediately disbarred. Doc. No. 1-2 at 4. The recommendation was approved by the Florida Supreme Court. Doc. No. 1 ¶ 23.

Horn alleges that the disciplinary proceedings were invalid, as he was prohibited from raising the defense that he was targeted by the proceedings for exercising his Constitutional rights "in activism against . . . the abuses practiced by the Florida Bar." Doc. No. 1 ¶ 14. Horn further alleges that the proceedings were invalid as he was never properly served with notice of the hearing. Doc. No. 1 ¶ 21. According to Horn, the Florida Bar fraudulently presented evidence to secure the judgment of disbarment. Doc. No. 1 ¶ 25.

After being disbarred, Horn attempted to work as a paralegal. Doc. No. 1 ¶ 33. He found an attorney conditionally willing to offer him employment, but the attorney would not hire Horn due to

the requirements of Rule 3-6.1 of the Rules Regulating the Florida Bar. Doc. No. 1 ¶ 33. Rule 3-6.1 regulates the employment of a disbarred attorney and requires the disbarred attorney and his employer to submit sworn reports indicating that the disbarred attorney's work does not involve the unlicensed practice of law. Doc. No. 1 ¶ 31. Horn alleges that this rule exists to target attorneys who hire disbarred attorneys and expose the hiring attorneys to harassment by the Florida Bar. Doc. No. 1 ¶ 34.

In Count I of his complaint, Horn seeks a declaratory judgment that the Florida Supreme Court's ruling not be given full faith and credit. Doc. No. 1 at 8. In Count II, Horn seeks a declaratory judgment that Rule 3-6.1 of the Rules Regulating the Florida Bar violates his rights to freedom of association, due process, and equal protection. Doc. No. 1 at 9. In Counts III and IV, Horn seeks a declaratory judgment that the disciplinary proceedings violated his due process rights. Doc. No. 1 at 9-11. Lastly, in Count V, Horn asserts an action under 42 U.S.C. § 1983 against Harkness claiming that Harkness violated his constitutional rights in the disciplinary action. Doc. No. 1 at 11-12.

B.  *Counts of the Complaint Seeking Relief from the Florida Supreme Court.*

In Counts I, III, IV, and V of Horn's complaint, Horn seeks relief from the decision of the Florida Supreme Court. It is well established that federal district courts lack appellate jurisdiction to review state court decisions under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, a federal district court does not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Berman v. Fla Bd. of Bar Examiners*, 794

F.2d 1529, 1530 (11th Cir. 1986) (quoting *Feldman*, 460 U.S. at 486). As the United States Supreme Court held in *Feldman*, "[o]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States . . . ." *Feldman*, 460 U.S. at 483 n.16 (quoting *MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir. 1969)).

In the present action, this Court lacks jurisdiction to review Counts I, III, IV, and V of Horn's complaint, as those counts seek review of a decision by the Florida Supreme Court.

   C. *Freedom of Association, Substantive Due Process, and Equal Protection Allegations*.

The only remaining count in Horn's complaint, Count II, seeks a declaratory judgment that Rule 3-6.1 of the Rules Regulating the Florida Bar on its face violates Horn's rights of freedom of association, substantive due process,[1] and equal protection. As this cause of action constitutionally challenges a state bar rule, it appears that there is no bar to jurisdiction because a final state court judgment is not being reviewed. *Cohran v. State Bar of Georgia*, 790 F. Supp. 1568, 1573 (N.D. Ga. 1992).

    1. <u>Freedom of Association</u>.

To state a claim that a rule violated one's right of freedom of association, the complaint must allege a violation of an association protected by the federal Constitution. The two types of association protected by the Constitution are: "intimate association (i.e., certain close and intimate human relationships like family relations) and expressive association (i.e., association for the purpose of engaging in activities protected by the First Amendment)." *Pi Lambda Phi Fraternity, Inc. v. Univ.*

---

[1]Any procedural due process claim should have been brought during the disciplinary proceedings, as the *Rooker-Feldman* doctrine prohibits this Court from considering such an action.

*of Pittsburgh*, 229 F.3d 435, 438 (3d. Cir. 2000) (citing *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984)).

In the present case, Horn alleges that Rule 3-6.1 has prevented him from obtaining employment with a particular law firm because his potential employer does not want to comply with the reporting requirements of the Rule. In Horn's complaint, it is unclear as to what "intimate association" or "expressive association" has been violated. Accordingly, Horn's complaint has not sufficiently pled allegations to support a claim that Rule 3-6.1 violated his right of freedom of association. In filing an amended complaint, Horn should specifically allege what association has been violated.

    2.    Due Process.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution "protects fundamental rights that are so 'implicit in the concept of ordered liberty' that 'neither liberty nor justice would exist if they were sacrificed.'" *Doe v. Moore*, 410 F.3d 1337, 1342 (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). These fundamental rights include those guaranteed by the Bill of Rights as well as limited other rights. *Id*. at 1343. In analyzing a substantive due process claim, the Court must determine whether the asserted right is "one of those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Williams v. Attorney Gen. of Alabama*, 378 F.3d 1232, 1239 (11th Cir. 2004)(internal quotations omitted). If the Court finds that a plaintiff has not articulated a fundamental right, the Court must consider whether the right asserted by the plaintiff is "rationally related to legitimate government interests." *Moore*, 410 F.3d at 1345 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997)).

In Horn's Complaint, it is unclear as to what right he is asserting was violated by Rule 3-6.1. Accordingly, Horn's complaint has failed to sufficiently state a cause of action under the Due Process Clause of the Fourteenth Amendment. In any amended complaint, Horn must identify what right he claims was violated by Rule 3-6.1.

### 3. Equal Protection.

Under the Equal Protection Clause of the Fourteenth Amendment, if a statutory classification infringes on a fundamental right or concerns a suspect class, the Court is held to a strict scrutiny standard when analyzing a claim. *Id.* at 1346. If not, the Equal Protection Clause only requires that classification be rationally related to a legitimate state interest. *Id.* Suspect classifications include "race, alienage, national origin, gender, or illegitimacy." *Id.* (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).

In Horn's complaint, as discussed above, it is unclear as to what right he is claiming was violated by Rule 3-6.1. It is also unclear whether he is alleging that a statutory classification in Rule 3-6.1 concerns a suspect class. Accordingly, Horn has failed to sufficiently state a claim under the Equal Protection Clause of the Fourteenth Amendment. In any amended complaint, Horn should specifically address these deficiencies.

## III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed with prejudice** as to Counts I, III, IV and V, be **dismissed without prejudice** as to Count II, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I further recommend that the Court give the plaintiff eleven days from the date of the ruling

on this Report and Recommendation to file an amended complaint repleading the allegations in Count II with more specificity, and a renewed motion to proceed without payment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on May 16, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties